UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

PARIS WILLIAMS,

                        Plaintiff,

-against-

CITY OF NEW YORK, JUAQUIN BONILLA, Individually,
NILSA PEREZ, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 0741
(JG) (RER)

<u>Jury Trial Demanded</u>

     Plaintiff PARIS WILLIAMS, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### **Preliminary Statement**

     1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### **JURISDICTION**

     2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### **VENUE**

     4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

Case 1:13-cv-00741-JG-RER   Document 11   Filed 07/24/13   Page 2 of 20 PageID #: 56

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff PARIS WILLIAMS is a nineteen year old African American man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JUAQUIN BONILLA, NILSA PEREZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On July 26, 2011, at approximately, 9:00 p.m., plaintiff PARIS WILLIAMS, who was then seventeen years old, was lawfully present in front of 2240 Flatbush Avenue, having just exited the McDonald's located at that address with a few friends.

13. Plaintiff and his friends were not engaged in any unlawful activity whatsoever. Defendant officers, including but not limited to defendants BONILLA and PEREZ, nonetheless approached plaintiff and told him to in sum and substance, to disappear.

14. Intending to leave the location, plaintiff turned to one of his friends and gave her a hug goodbye.

15. After plaintiff hugged his friend, defendant BONILLA, without justification of cause, grabbed plaintiff and slammed him to the ground, causing plaintiff to scrape his elbows and causing him injury to his back.

16. Defendant BONILLA then handcuffed plaintiff and escorted him towards an NYPD police vehicle.

17. Once at the vehicle, defendant BONILLA further assaulted plaintiff by picking him up and slamming him onto the hood of the NYPD vehicle approximately two times.

18. While this was occurring, defendant PEREZ called for additional officers, who then responded to the scene.

19. One of the responding officers threatened plaintiff, stating in sum and substance, if you keep smiling, by the time you get out of the car you won't have any teeth.

20. The defendant officers then imprisoned plaintiff in a police vehicle operated by defendant PEREZ.

21. While in the back seat of the vehicle, plaintiff attempted to call his father on his cell phone, which he still had in his possession, to tell his father that he was being arrested.

22. When the defendant officers realized plaintiff was making a phone call, defendant PEREZ stopped the vehicle, defendant BONILLA exited the vehicle, opened the rear door, punched plaintiff in the chest, and took his phone.

23. Thereafter, the defendant officers drove to the 63rd Precinct, and imprisoned plaintiff therein.

24. The officers imprisoned plaintiff until approximately 11:30 p.m., that night, when they released plaintiff with three summonses, numbered 4325231481, 4325251493, and 4325251500, based on the false allegations of defendant BONILLA that plaintiff was purportedly congregating with others and refused a police order, making unreasonable noise, and obstructing pedestrian traffic, respectively. Defendant BONILLA initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned acts of brutality and abuse of authority.

25. On July 28, 2011, plaintiff sought treatment for the injuries inflicted upon him by the defendant officers at Downstate Medical Center.

26. Plaintiff complained of pain to his chest and back, and shortness of breath. Plaintiff was examined, provided a prescription for pain medicine, and discharged.

27. As a result of the defendant BONILLA's false statements, plaintiff was compelled to appear in Kings County Summons Court on October 12, 2011.

28. At his appearance the charges lodged against him related to summons number 4325231500 were either dismissed outright. The remaining two summonses were adjourned in

contemplation of dismissal on November 9, 2011 and have subsequently been dismissed and sealed.

29. Defendants BONILLA, PEREZ, and JOHN and JANE DOE 1 through 10 directly participated in the illegal conduct described herein or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and due to a custom or practice of falsification.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force; abuse their authority to arrest individuals and commit perjury, manufacture evidence, or engage in falsification, to convict such individuals in order to cover up their use of improper force; and that NYPD officers disproportionately stop, detain, and arrest individuals due to discrimination against them based on their race and/or nationality.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiff PARIS WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff PARIS WILLIAMS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested plaintiff PARIS WILLIAMS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiff PARIS WILLIAMS to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.  The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff PARIS WILLIAMS' constitutional rights.

48.  As a result of the aforementioned conduct of defendants, plaintiff PARIS WILLIAMS was subjected to excessive force and sustained physical injuries.

49.  As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

50.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.  Defendants maliciously issued criminal process against plaintiff PARIS WILLIAMS by causing him to appear in Kings County Summons Court.

52.  Defendants caused plaintiff PARIS WILLIAMS to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

53.  As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

54.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants seized, assaulted, battered detained, arrested, maliciously issued process and imprisoned plaintiff PARIS WILLIAMS, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

56. As a result of the foregoing, plaintiff PARIS WILLIAMS was deprived of his rights under the Equal Protection Clause of the United States Constitution.

57. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants had an affirmative duty to intervene on behalf of plaintiff PARIS WILLIAMS, whose constitutional rights were being violated in their presence by other officers.

60. The defendants failed to intervene to prevent the unlawful conduct described herein.

61. As a result of the foregoing, plaintiff PARIS WILLIAMS was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was maliciously issued process, he was humiliated and subjected to handcuffing and other physical restraints and detained without probable cause.

62. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The supervisory defendants personally caused plaintiff PARIS WILLIAMS' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, subjecting

individuals to excessive force; and, falsely arresting individuals; engaging in falsification and/or committing perjury and/or manufacturing evidence; and disproportionately stopping, detaining, and arresting individuals due to discrimination against them based on their race and/or nationality.

69. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff PARIS WILLIAMS' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PARIS WILLIAMS.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PARIS WILLIAMS as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff PARIS WILLIAMS as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff PARIS WILLIAMS was seized, subjected to excessive force, falsely arrested, maliciously issued

process, and imprisoned.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PARIS WILLIAMS' constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff PARIS WILLIAMS of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from the use of excessive force and/or the failure to intervene;

   C. To be free from seizure and arrest not based upon probable cause;

   D. To be free from malicious abuse of process;

   E. To be free from false imprisonment/arrest; and

   F. To receive equal protection under law.

76. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

79. The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

80. This action was commenced within one (1) year and ninety (90) days after plaintiff's eighteenth birthday.

81. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants arrested plaintiff without probable cause.

84. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

85. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86. As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.  As a result of the foregoing, plaintiff PARIS WILLIAMS was placed in apprehension of imminent harmful and offensive bodily contact.

90.  As a result of defendants' conduct, plaintiff PARIS WILLIAMS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.  As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.  Defendants made offensive contact with plaintiff without privilege or consent.

94.  As a result of defendants' conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

95.  As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(<u>Malicious Abuse of Process under laws of the State of New York</u>)

96. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendants issued criminal process against plaintiff by causing him to be arrested, and requiring his appearance in Kings County Summons Court.

98. Defendants compelled plaintiff's appearance to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

99. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(<u>Intentional Infliction of Emotional Distress under the laws of the State of New York</u>)

100. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

102. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

103. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

104. The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to plaintiff.

105. As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

106. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

107. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and excessive use of force against plaintiff.

109. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

110. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

111.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.   Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

113.   As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

114.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.   Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

116.   As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

117. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

120. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

122. As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

123.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.   As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

125.   As a result of the foregoing, plaintiff PARIS WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PARIS WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 24, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff PARIS WILLIAMS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

PARIS WILLIAMS,

                                  Plaintiff,

            -against-

CITY OF NEW YORK, JUAQUIN BONILLA, Individually,
NILSA PEREZ, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                Defendants.

----------------------------------------------------------------------X

13 CV 0741
(JG) (RER)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100